**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CORBET DENTREMONT,

                         Plaintiff,

                  - v -                                    Civ. No. 1:12-CV-060
                                                                (LEK/RFT)

ATLAS HEALTH CARE LINEN SERVICES
CO., LLC., SCOTT WAKEMAN, and
JANE DOE (Quality Control Manager),

                         Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## ORDER TO SHOW CAUSE

On January 12, 2012, Plaintiff initiated the instant Americans with Disabilities Act

action, pursuant to 42 U.S.C. § 21101, *et seq.*, by filing a Complaint with the Clerk of the

Court. Dkt. No. 1, Compl. Shortly thereafter, pursuant to an Order dated January 20, 2012,

Dkt. No. 7, the Clerk of the Court issued Summonses for the named Defendants as well as

the District Court's General Order 25. Dkt. Nos. 8 & 9. The Clerk further set an Initial Rule

16 Conference before the undersigned for May 16, 2012, at 9:30 a.m. Dkt. No. 9. That Rule

16 Conference was adjourned without date pending the resolution of a Motion to Dismiss.

See Dkt. Nos. 25, Mot. to Dismiss, & 27, Order, dated May 1, 2012. Pursuant to a

Memorandum-Decision and Order, Dkt. No. 42, an Amended Complaint was filed on May

20, 2013, Dkt. No. 56.

On June 3, 2013, Defendants sought an extension of time to respond to the Complaint

principally because Victoria Sanalvia, previously named as "Jane Doe," was recently

identified as a Defendant, but could not be located. Dkt. No. 57. That Letter-Request was

granted and Defendants' time to respond was extended until June 26, 2013.  Dkt. No. 58,

Order, dated June 3, 2013.  And, on June 26, 2013, Defendants filed an Answer to the

Amended Complaint.  Dkt. No. 60.  However, the Defendants did not Answer for Victoria

Sanalvia.  *Id*.

On that same day, Defendants filed yet another Letter-Motion advising the Court that

Ms. Sanalvia has not been located, yet bringing to the Court's and Plaintiff's attention that

more than 120 days have elapsed since the filing of the Complaint, and Ms. Sanalvia had not

been served.  Dkt. No. 61.  Defendants note that Plaintiff did not identify Ms. Sanalvia as a

Defendant, until May 20, 2013, more than one year after filing the Complaint.  *Id*.  In light

of these developments, Defendants ask the Court to dismiss the claims against Ms. Sanalvia.

*Id*.

Under Federal Rule of Civil Procedure 4(c)(1), the Plaintiff is responsible for service

of the Summons and Complaint for each Defendant within a specified time period.

Specifically, the Plaintiff must effectuate service of process within 120 days of the filing of

the Complaint.  FED. R. CIV. P. 4(m).[1]  Failure to properly serve any Defendant in accordance

with the Federal Rules will result in the Court, upon motion or on its own initiative, to

dismiss the case without prejudice as to that Defendant.  *Id*.  **Thus, no later than July 17,**

**2013, Plaintiff shall file an affidavit showing cause why this Court should not**

---

[1] The Local Rules of the Northern District of New York further provide that service of process must be completed within sixty (60) days of the filing of the complaint. *See* N.D.N.Y.L.R. 4.1(b). "This expedited service requirement is necessary to ensure adequate time for pretrial discovery and motion practice." *Id*. "In no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4." *Id*.

**recommend a dismissal of this action for violation of the Federal and Local Rules.**

Plaintiff's failure to establish good cause for failing to timely effectuate service of process

will result in the Court recommending dismissal of this action.

**WHEREFORE**, based upon the foregoing, it is hereby

**ORDERED**, that the Initial Rule 16 Conference is adjourned without date; and it is

further

**ORDERED**, that **no later than July 17, 2013**, Plaintiff shall electronically file an

affidavit  showing cause why this Court should not recommend a dismissal of this action for

violation of the Federal and Local Rules.  Plaintiff's failure to establish good cause for

failing to timely effectuate service of process will result in the Court recommending

dismissal of this action; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Order on the

Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**

Date:   July 1, 2013
        Albany, New York

Randolph F. Treece
U.S. Magistrate Judge