**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CORBET DENTREMONT,

         Plaintiff,

   - v -               Civ. No. 1:12-CV-0060
                       (LEK/RFT)

ATLAS HEALTH CARE LINEN SERVS., CO., LLC;
SCOTT WAKEMAN; and VICTORIA SANALVIA,

         Defendants.

**APPEARANCES:**         **OF COUNSEL:**

CORBET DENTREMONT
Plaintiff, *Pro Se*
207 Hoosick Street
Troy, New York 12180

HISCOCK, BARCLAY LAW FIRM     ANNE B. DOTZLER, ESQ.
Attorney for Defendants Atlas Health Care  CHRISTOPHER J. HARRIGAN, ESQ.
Linen Servs., Co., LLC, and Scott Wakeman
One Park Place
300 South State Street
Syracuse, New York 13202

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DECISION and ORDER

On January 12, 2012, Plaintiff Corbet Dentremont initiated this action *pro se* asserting that the Defendants discriminated against him because of his disability and that they further breached their employment contract with him, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. Dkt. No. 1, Compl. Plaintiff also asserted violations of § 510 of the Employment Retirement Income Security Act of 1974 ("ERISA") and several state law claims. *Id*. At that time, Plaintiff was incarcerated at Collins Correctional Facility and sought permission to proceed with the

action *in forma pauperis* ("IFP"). Dkt. No. 2. This Court issued an Order granting Plaintiff's IFP Application and directing service upon the named Defendants. Dkt. No. 7. Within that Order, this Court directed Plaintiff to take steps to name the individual he identified in the Complaint as Jane Doe because service could not be completed upon such a Defendant. *Id*.

On April 30, 2012, the named Defendants, Atlas Health Care Linen Services Co., LLC ("Atlas") and Scott Wakeman moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). Dkt. No. 25. In addition to opposing Defendants' Motion, Plaintiff, in a separate filing, sought leave to amend his Complaint to cure any deficiencies and to identify the Doe Defendant as Victoria Sanalvia. Dkt. Nos. 31, 36, & 37.

On March 13, 2013, the Honorable Lawrence E. Kahn, Senior United States District Judge, issued a Memorandum-Decision and Order granting in part and denying in part Defendants' Motion to Dismiss and providing Plaintiff an opportunity to amend his Complaint to cure some deficiencies specified therein. Dkt. No. 42. After obtaining extensions of time, Plaintiff filed an Amended Complaint on May 20, 2013, wherein he identified the Jane Doe Defendant as Victoria Sanalvia. Dkt. No. 56. Initially, Defendants sought an extension of time for them to answer the Amended Complaint to allow time for them to locate Victoria Sanalvia, who no longer worked for Atlas. Dkt. No. 57. When that endeavor proved futile, Defendants Atlas and Wakeman filed their Answer to the Amended Complaint. Dkt. No. 60. Concomitantly, Defendants filed a Letter-Motion seeking dismissal of Ms. Sanalvia due to Plaintiff's failure to serve her within the 120-day time-frame set forth in the Federal Rules of Civil Procedure. Dkt. No. 61. In response, this Court issued an Order to Show Cause to Plaintiff directing him to show cause why the Court should not recommend dismissing Ms. Sanalvia from this action due to the failure to timely serve her. Dkt. No. 62.

Plaintiff filed his Response, to which the Defendants filed a Reply. Dkt. Nos. 68 & 71.

In his Response to the Court, Plaintiff asserts that he has at all times acted diligently in attempting to identify and then serve Ms. Sanalvia in this matter and asks the Court for an extension of time within which to serve her. Dkt. No. 68.

Under Federal Rule of Civil Procedure 4(c)(1), the Plaintiff is responsible for service of the Summons and Complaint for each Defendant within a specified time period. Specifically, the Plaintiff must effectuate service of process within 120 days of the filing of the Complaint. FED. R. CIV. P. 4(m).[1] Failure to properly serve any Defendant in accordance with the Federal Rules will result in the Court, upon motion or on its own initiative, dismissing the case without prejudice as to that Defendant. *Id*.

The Plaintiff bears the burden of showing good cause for not timely serving a Defendant. *Mustafa v. Syracuse City Sch. Dist.*, 2007 WL 951470, at *2 (N.D.N.Y. Mar. 28, 2007). "To determine whether the plaintiff has met this burden, [district] courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay." *Id*. (internal quotation marks and citations omitted) (alteration in original); *see also Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999). Diligence, in part, can be measured by whether the plaintiff took the proper steps to secure an extension of time to serve, such as moving under Federal Rule of Civil Procedure 6(b). *Mustafa v. Syracuse City Sch. Dist.*, 2007 WL 951470, at *2. Also, "[a] delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute

---

[1] The Local Rules of the Northern District of New York further provide that service of process must be completed within sixty (60) days of the filing of the complaint. *See* N.D.N.Y.L.R. 4.1(b). "This expedited service requirement is necessary to ensure adequate time for pretrial discovery and motion practice." *Id*. "In no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4." *Id*.

good cause." *Id.* (quoting *AIG Managed Market Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000)).

Applying such standards to the facts at hand, we find Plaintiff has been diligently pursuing this action and has not wavered in his responsibility to ensure that parties are properly identified and served. In combing through the Docket Report, the Court noticed that upon the filing of the Amended Complaint, which identified Jane Doe as Victoria Sanalvia, a summons was never issued, nor directed to be issued, nor was there any direction made to the U.S. Marshal to effectuate service on behalf of Mr. Dentremont, who, as noted above, is proceeding IFP and thus is entitled to service being executed by the U.S. Marshal. Instead, it appears that in serving the Amended Complaint on Hiscock and Barclay, who represent the other named Defendants, the attorneys took it upon themselves to attempt to locate Ms. Sanalvia. While the Court certainly appreciates counsel's efforts therein, in light of Plaintiff's *pro se* status, and in the absence of detailed instructions from the Court, it is conceivable that Plaintiff was confused as to how to join Ms. Sanalvia in this action.

In light of how events transpired, the Court finds that good cause exists to extend Plaintiff's time to serve Victoria Sanalvia by an additional 120 days from the date of this Decision and Order. The Court directs Defendants to provide Plaintiff with Victoria Sanalvia's last known address as reflected in her employment file or some other source. Such information shall be produced within seven days of the filing date of this Decision and Order. Furthermore, it is the Court's intention to hold a Rule 16 Initial Scheduling Conference with the parties. Although the parties have already submitted a Civil Case Management Plan, the Court directs the parties to meet and confer, pursuant to Federal Rule of Civil Procedure 26(f), and provide the Court with an updated joint Civil Case Management Plan. Such Plan shall be filed no later than December 9, 2013. The Court will then

set this matter down for a Rule 16 Conference

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff has established good cause for his failure to serve Victoria Sanalvia within the time-frame specified in the Federal Rules of Civil Procedure and the time for Plaintiff to effect such service is hereby extended 120 days from the date of this Decision and Order; and it is further

**ORDERED**, that Defendants shall, within seven days of the filing date of this Decision and Order, provide Plaintiff with Victoria Sanalvia's last known address as reflected in her employment file or some other source; and it is further

**ORDERED**, that Plaintiff must provide the U.S. Marshal with sufficient information, including last known address, necessary to effect service on the Victoria Sanalvia. Plaintiff shall provide the Clerk of the Court with a completed USM 285 Form. A blank form shall be mailed to the Plaintiff along with this Order; and it is further

**ORDERED**, that upon the receipt of a completed USM 285 Form, the Clerk of the Court shall issue a Summons for Defendant Victoria Sanalvia and forward it, along with a copy of the Amended Complaint, the completed USM 285 Form, and a copy of this Decision and Order to the U.S. Marshals Service who shall attempt service on Plaintiff's behalf; and it is further

**ORDERED**, that although the Marshal will be attempting service on Plaintiff's behalf, it remains Plaintiff's responsibility to ensure that Ms. Sanalvia is properly served. Failure to serve within the extended time-frame above will result in dismissal of this Defendant; and it is further

**ORDERED**, that the parties shall meet and confer, in accordance with Federal Rule of Civil Procedure 26(f), and file a Joint Civil Case Management Plan with the Court no later than December

9, 2013; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Date: November 20, 2013
       Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge